SCHEB, Acting Chief Judge.
The appellant sought a writ of mandamus to compel Collier County to pay him $12,884.63 in costs incurred while serving as defense counsel to Steven Benson, who was convicted of murder. The trial court denied his petition. We reverse.
On December 4, 1985, the trial court declared Benson, then on trial for the murder of various members of his family, to be partially indigent. Two months later, the trial court rescinded Benson’s partial indi-gency status. Nevertheless, because of its prior order, the court required Collier County to pay defense costs incurred between December 4, 1985 and January 13, 1986, a time referred to as the “window period.”
On December 8, 1986, the appellant filed a motion for costs in which he itemized disbursements of $13,884.63 incurred during the “window period.” At a hearing, at which the county was represented, the trial court was advised by counsel that the parties had “reached an amicable resolution regarding the necessity and reasonableness of the costs with the exception of two [items].” The judge entered the resulting order of January 15, 1987, which accepted “their apparent stipulation” and decided the contested items (two $500 payments) in favor of the county. The county did not appeal this order.
After the time expired for an appeal by the county and it refused to pay the appellant pursuant to the January 15, 1987 or-° der, the appellant petitioned for a writ of mandamus. Following a hearing, the trial court denied the petition.
On appeal, the county advances the same arguments it raised at the hearing on the petition for writ of mandamus. The county argues that it should not be obligated to pay Benson’s defense costs incurred during the “window period” because Benson was not really indigent during that time. The county points out that the original order declaring Benson partially indigent was promptly rescinded once the judge realized that Benson was not then nor had he ever been indigent. Citing the extraordinary nature of the writ, the county urges that mandamus should not be used to force the public to pay the defense costs of a nonindi-gent person.
Further, the county suggests that the appellant will be paid twice for costs incurred during the “window period.” During March 1986, the appellant was paid $105,000 out of a partial probate distribution made to Benson on March 4. At the hearing on the petition for writ of mandamus, the county tried to establish that some of those funds went toward paying the appellant for costs incurred during the “window period.” The appellant testified, however, that he will not be paid twice for work he did during the “window period” because the disbursement he received in March 1986 did not cover costs incurred during that time.
While we understand the county’s concerns, we cannot agree that the appellant’s petition for mandamus was properly denied. The appellant obtained a valid order entitling him to costs, and the county did not appeal. Later, a hearing was held to determine the amount of those costs, at which time the appellant submitted an itemized statement of costs. The county failed to argue either that indigency status had not been established for the “window period” or that the appellant was paid by *719 the disbursement m March 1986. To the contrary, the order setting the amount of costs was based on a stipulation the county entered into at the hearing. The county did not appeal this order.
The county did not advance the arguments it now presents until the hearing before the trial court on the mandamus petition. We think that the county was obligated to advance these arguments by appealing either the order entitling the appellant to costs or the order setting the amount of those costs. Since it did not, the county is barred from raising these arguments on appeal.
In this situation, mandamus serves the function of a writ of execution against a private entity. The county cannot avoid complying with the validly obtained judgment on the ground that a mandamus writ is an extraordinary remedy. We observe, as did the trial court, that the county may proceed, pursuant to section 27.52(3), Florida Statutes (1987), directly against Steven Benson to recover the costs it paid on his behalf.
Reversed and remanded with instructions that the trial court shall issue a writ of mandamus requiring the county to pay the costs pursuant to the order of January 15, 1987.
RYDER and FRANK, JJ., concur.